UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION (Montgomery)

| | |
|---|---|
| IN RE: : | CASE NO: 18-31989-WRS |
|  : | CHAPTER: 13 |
|  : | |
| FELIX ROYDELL MCGHEE : | |
| LATANIA MICHELLE MCGHEE : | |
|     Debtors : | |
| ------------------------------ : | ------------------------------ |
| U.S. BANK TRUST NATIONAL ASSOCIATION, : | |
| AS TRUSTEE OF BKPL LODGE SERIES I : | |
| TRUST, : | |
|     Movant, : | |
|  : | CONTESTED MATTER |
| vs. : | |
|  : | |
| FELIX ROYDELL MCGHEE : | |
| LATANIA MICHELLE MCGHEE : | |
| SABRINA L. MCKINNEY, Trustee : | |
|     Respondents. : | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)

U.S. Bank Trust National Association, as Trustee of BKPL Lodge Series I Trust ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtors having an address of **2100 Sagewood Drive, Montgomery, AL 36117** (the "Property"). The facts and circumstances supporting this Motion are set forth in the Affidavit in Support of Motion for Relief from Automatic Stay attached hereto as Exhibit "C". In further support of this Motion, Movant respectfully states:

1. The Debtors have executed and delivered that certain promissory note in the original principal amount of **$104,405.00** (the "Note"). Movant is an entity entitled to enforce the Note. A copy of the Note is attached hereto as Exhibit "A".

2. Pursuant to that certain **Mortgage** (the "**Mortgage**"), all obligations (collectively, the "Obligations") of the Debtors under the Note and the **Mortgage** with respect to the Loan are secured by the Property. A copy of the **Mortgage** is attached hereto as Exhibit "B".

3. As of **July 31, 2021**, the outstanding amount of the Obligations less any partial payments or suspense balance is **$81,673.78**.

4. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $**1,238.00** in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

5. As of **July 21, 2021**, there is an arrearage deficiency of **$12,289.03** (not including Bankruptcy Fees and Costs mentioned above). This figure is comprised of the following:

| Description | From | To | Quantity | Amount | Total |
|---|---|---|---|---|---|
| Missed Payment | 12/01/2019 | 05/01/2020 | 6 | $621.34 | $3,728.04 |
| Missed Payment | 06/01/2020 | 07/01/2021 | 14 | $620.31 | $8,684.34 |
| Suspense Balance Credit | | | 1 | $-123.35 | $-123.35 |
| Total Arrearage Deficiency (not including Bankruptcy Fees and Costs): | | | | | $12,289.03 |

6. The fair market value of the Property is **$125,900.00**. The basis for such valuation is **Debtors` Schedules**.

7. SN SERVICING CORP services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of U.S. Bank Trust National Association, as Trustee of BKPL Lodge Series I Trust, NOTEHOLDER. Note holder, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Note holder or has been duly endorsed.

8. Cause exists for relief from the automatic stay for the following reasons:

   a. Movant's interest in the Property is not adequately protected.

b. Post-Petition payments have not been received by Movant.

c. Pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.


RUBIN LUBLIN, LLC

/s/ Amanda BeckettDate:8/20/21
Amanda Beckett
AL State Bar No. ASB-1884-N75B
Rubin Lublin, LLC
200 Clinton Avenue West, Suite 406
Huntsville, AL 35801
(877) 813-0992
abeckett@rubinlublin.com
Attorney for Creditor

# CERTIFICATE OF SERVICE

      I, Amanda Beckett of Rubin Lublin, LLC certify that I caused a copy of the Motion for Relief from Automatic Stay (Real Property) to be filed in this proceeding by electronic means and to be served by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties as follows:

Felix Roydell McGhee
2100 Sagewood Dr
Montgomery, AL 36117

Latania Michelle McGhee
2100 Sagewood Dr
Montgomery, AL 36117

David Weston, Esq.
T. David Weston, LLC
7515 Halcyon Pointe Drive
Montgomery, AL 36117

Sabrina L. McKinney
P.O. Box 173
Montgomery, AL 36101

Executed on 8/20/21

/s/ Amanda Beckett
Amanda Beckett
AL State Bar No. ASB-1884-N75B
Rubin Lublin, LLC
200 Clinton Avenue West, Suite 406
Huntsville, AL 35801
(877) 813-0992
abeckett@rubinlublin.com
Attorney for Creditor